IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA K. DOWNS-WILSON                                                      PLAINTIFF

v.                        Civil No. 13-2226

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brenda Downs-Wilson, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed for DIB and SSI on June 13 and June 14, 2011,[1] respectively, due to depression, back problems, eye problems, diabetes, and chronic leg pain. Tr. 161-171, 201, 215-216, 227, 234. Her claims were denied both initially and upon reconsideration. Tr. 65, 68, 75, 77, 79, 82. An administrative hearing was held on April 24, 2012. Tr. 29-46. Plaintiff was present and represented by counsel. She was 41 years old and possessed the equivalent of a high school education. Tr. 40, 202, 225. Plaintiff had past relevant work ("PRW") experience as a health aide and retail cashier. Tr. 34-35, 202, 207-214.

---

[1]The record reveals that Plaintiff filed previous applications for DIB and SSI in March 2008 resulting in the entry of a final administrative decision on October 21, 2009. Tr. 50-58.

On August 22, 2012, the ALJ found Plaintiff's degenerative disk disease of the lumbosacral spine, osteoarthritis of the knees, obesity, diabetes mellitus, and depression were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13-15. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she could perform sedentary work involving occasional climbing of ramps, but could never climb ropes, scaffolds or ladders. Further, he found she could

> balance with the use of a handheld assistive device, stoop, kneel, and crawl occasionally. She can never crouch. She is limited to performing jobs that can be done while using a handheld assistive device for prolonged ambulation. The claimant can do work involving simple, repetitive and routine tasks. She can perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, [with] few variables, and little judgment; supervision required is simple, direct and concrete.

Tr. 15. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as an assembler, machine tenderer, and inspector. Tr. 23.

Plaintiff's request for review by the Appeals Council was denied on September 9, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 13, 16.

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeal for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, the record reveals that Plaintiff has been treated for DJD of the lumbar spine, as well as radiculopathy and neck and right knee pain. X-rays have shown mild degenerative disk disease from the L4 to S1 level, minimal disk space narrowing between the L4-L5 level, advanced degenerative bony and disk changes from T9-T11 level, and flattening of the tibial plateau consistent with degenerative changes as well as arthritic changes of the patella in the right knee. Tr. 275, 366. And, exams have repeatedly revealed numbness and tingling down her legs; a diminished and painful range of motion in both the back and knee; crepitus, pain, and swelling in the knee; and, positive straight leg raise tests. Tr. 267-271, 273-

274, 296-297, 369-372. Her pain is reportedly aggravated by sitting and standing, and has necessitated the use of both a knee brace and a cane for ambulation. Tr. 296.

In July 2011, Plaintiff underwent a consultative physical examination with Dr. Carlson. Tr. 310-314. Plaintiff had a positive straight leg raising bilaterally, and all her reflexes were absent. Further, she walked with a slow, limping, antalgic gait and could not tandem walk or squat and arise from a squatting position. He also noted that she relied heavily on a cane. After diagnosing her with chronic low back pain and depression, Dr. Carlson concluded that her ability to stand or walk for any length of time was severely limited and that she was unable to bend, squat, lift, or carry due to back pain and reliance on her cane. He also indicated that she was moderately limited by her depression.

On March 27, 2012, Dr. Dunaway, Plaintiff's treating doctor, assessed her work functioning. Dr. Dunaway indicated that Plaintiff could lift and carry less than ten pounds occasionally but could not lift any amount of weight frequently; could stand and walk less than two hours per workday; must alternate between sitting and standing; and, should avoid climbing, balancing, kneeling, crouching, and crawling. Tr. 264-266.

Without considering Dr. Dunaway's medical source statement, the ALJ concluded that Plaintiff could perform sedentary work requiring the occasional climbing of ramps, balancing (with the use of a handheld assistive device), stooping, kneeling, and crawling, but could never climb ropes, scaffolds, or ladders or crouch. However, we note that Dr. Dunaway is Plaintiff's treating physician and his assessment is consistent with both his treatment records and the findings of Dr. Carlson. As such, we cannot say that the ALJ's RFC assessment is supported by

5

substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2) (Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.).

In an attempt to bolster their position, the Commissioner points to the fact that the Plaintiff worked part-time as a cashier/carry out person in 2009 and for four months in 2010 and did not necessitate the use of a cane in 2010. However, a review of the evidence reveals that Plaintiff's complaints of pain and limitation increased after she quit work in 2010, with more significant complaints voiced in 2011 and 2012. In fact, both Dr. Carlson and Dunaway examined the Plaintiff and completed their assessments after the Plaintiff had quit working. And, contrary to the ALJ's contention, the Plaintiff did not report performing any activities of daily living that would undermine her claim of disability. Accordingly, remand is necessary to allow the ALJ to consider Dr. Dunaway's medical source statement and reevaluate Plaintiff's RFC.

## IV.  Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 12th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE